```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


                                  )
STEVEN BRUNO,                     )
        Plaintiff,                )
                                  )
        v.                        )   Civil Action No.
                                  )   16-cv-10794-NMG
CAROLYN W. COLVIN,                )
        Defendant.                )
                                  )
                                  )
```

# ORDER

**GORTON, J.**

Plaintiff Steven Bruno ("Bruno"), appearing pro se, seeks to reopen this case, which was closed almost two years ago. See 01/05/2018 Judgment, Docket No. 29 (affirming the decision of the Commissioner of Social Security). At that time, Bruno's attorney withdrew his appearance. Docket No. 28.

This is Bruno's eighth request to have this case reopened. See Docket Nos. 30, 32, 34, 38-39, 41-42. The Order denying Bruno's first request included referrals to several legal and social service agencies.[1] See 02/05/2018 Order, Docket No. 31.

---

[1] The 02/05/2018 Order referred Bruno to several agencies including (1) the Department of Transitional Assistance, 245 Commercial Street, Malden, MA 02148 (telephone: 781-388-7300); (2) Greater Boston Legal Services, 197 Friend Street, Boston, MA 02114 (telephone: 617-351-1234); and (3) the Disability Law Center, 11 Beacon Street, Boston, MA 02108 (telephone: 617-723-8455). See Docket No. 31.

Bruno's subsequent requests to reopen were denied.  See Docket Nos. 35, 36, 43.

In the instant motion, Bruno again seeks relief from the 2018 judgment and explains that "reconsideration in this matter is desperately needed [due to Bruno's declining vision]."  See Docket No. 44.  With his motion, Bruno attaches several letters from medical providers.  Id.

Once judgment has entered as here, the Court may only grant relief "if the moving party presents newly discovered evidence, (2) if there has been an intervening change in the law, or (3) if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust."  United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009); see also Ferrara v. United States, 372 F.Supp.2d 108, 119 (D. Mass. 2005).  "[S]imple disagreement with the court's decision is not a basis for reconsideration." Ofori v. Ruby Tuesday, Inc., 205 Fed. Appx. 851, 853 (1st Cir. 2006) (unpublished).

Bruno's motion is denied because there is no basis for reopening this case.  To the extent Bruno wishes to reapply for benefits, he must first file an application for benefits with the Social Security Administration and then exhaust his administrative remedies before seeking judicial review of any adverse decision.

The Court finds that Bruno's repeated filing of unmeritorious motions is vexatious and an abuse of the processes of this Court for the administration of justice.[2] Bruno is advised that a district court has the power to sanction litigants who abuse the court system by filing groundless and vexatious litigation. Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993)).

The denial of Bruno's numerous motions has not deterred Bruno from filing further motions in this closed case. Bruno is warned that he could be subject to sanctions, including monetary sanctions, should he continue to file pleadings in this closed case. In light of the foregoing, plaintiff's motion is denied.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: November 18, 2019

---

[2] Vexatious conduct occurs where a party's actions are "frivolous, unreasonable, or without foundation." Local 285 Serv. Employees Int'l v. Nontuck Res. Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995) (internal citations omitted); accord Alexander v. United States, 121 F.3d 312, 315-16 (7th Cir. 1997) (sanction appropriate when "objectively unreasonable litigation-multiplying conduct continues despite a warning to desist"). Vexatious conduct may be found even in the absence of subjective bad intent, Local 285 Serv. Employees Int'l, 64 F.3d at 737.